UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROBERT DEMOS<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC., et al.,<br><br>Defendants. | Case No.: 3:16-cv-02632-LAB-BGS<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF Doc. No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff, John Robert Demos, an inmate currently housed at Washington State Penitentiary, located in Walla Walla, Washington, has filed a civil action. (ECF Doc. No. 1.) Plaintiff has not prepaid the full civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF Doc. No. 2).

**I.    Motion to Proceed IFP**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County*

1

*Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners" like Plaintiff, however, "face an additional hurdle." Id. In addition to requiring prisoners to "pay the full amount of a filing fee," in "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is

facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II.   Application to Plaintiff

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain "plausible allegations" which suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Here, the Court takes judicial notice of Plaintiff's protracted and voluminous litigation history in both the Eastern and Western Districts of Washington, as well as in the Ninth Circuit Court of Appeals.

For example, in *Demos v. Kincheloe*, 563 F. Supp. 30, 31-32 & n.2 (E.D. Wash. 1982), a case decided more than ten years before the enactment of 28 U.S.C. § 1915(g)'s three-strikes provision, the district court entered a pre-filing review order against Demos's "ceaseless barrage" of abusive and vexatious lawsuits setting forth "absurd propositions" and sometimes "outright fabrication." *Id*. at 32.  In *Demos*, the Eastern District dismissed with prejudice Plaintiff's 17 pending 42 U.S.C. § 1983 complaints and 3 pending habeas corpus petitions as "frivolous, malicious, repetitive, de minimus, wholly insubstantial [and] insufficient to invest the court with subject matter jurisdiction," and noted that at least another 64 of Plaintiff's 184 "career" total filings in that court had "specifically found to have been brought in bad faith and to be malicious

on their face within the context of 28 U.S.C. § 1915." *Demos*, 563 F. Supp. at 31, 32 n.2. Seeking higher authority, Demos filed seven separate actions in the Ninth Circuit Court of Appeals, requesting that writs of mandate issue compelling both the Eastern and Western Districts of Washington, the Washington Court of Appeals and the Washington Supreme Court to accept his papers for filing. *See Demos v. United States District Court for the Eastern District of Washington, et al.*, 925 F.2d 1160, 1160 (9th Cir. 1991). Cataloguing Plaintiff's prolific litigation history, the Ninth Circuit exercised its inherent pre-PLRA authority to restrict a litigant's ability to commence abusive litigation IFP, and entered a pre-filing review order pursuant to *DeLong v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990) against Demos barring "the filing of any new petitions seeking extraordinary writs pursuant to 28 U.S.C. § 1651, 2253 or 2254 directed at either the United States District Courts for the Eastern and Western Districts of Washington." *Demos v. United States District Court for the Eastern District of Washington*, 925 F.2d at 1161.

As part of the PLRA, Congress amended the IFP statute, 28 U.S.C. § 1915, adding section 1915(g) in an attempt to reduce frivolous filings from prison litigants like Demos. *Tierney*, 128 F.3d at 1312. Needless to say, Demos has had at least three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Demos*, 563 F. Supp. at 32 n.2 (noting that 64 actions filed in the Eastern District of Washington in 1981 alone were "specifically found to have been brought in bad faith and to be malicious on their face within the context of 28 U.S.C. § 1915"); *Tierney*, 128 F.3d. at 1311 ("[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date.").

Accordingly, because Plaintiff has, while incarcerated, accumulated at least the three "strikes" permitted pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See*

*Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III.   Conclusion and Order

For the reasons set forth above, the Court hereby:

(1)   DENIES Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) as barred by 28 U.S.C. § 1915(g);

(2)   DISMISSES this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a); and

The Clerk shall close the file.

IT IS SO ORDERED.

Dated: November 7, 2016

Hon. Larry Alan Burns
United States District Judge